Matter of Evelyn B. v Vishnu P.A. (2019 NY Slip Op 02426)





Matter of Evelyn B. v Vishnu P.A.


2019 NY Slip Op 02426


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8827

[*1]In re Evelyn B., Petitioner-Appellant,
 v
Vishnu P.A., Respondent-Respondent.


Bruce A. Young, New York, for appellant.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), attorney for the child.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about May 3, 2018, insofar as it denied petitioner mother's custody modification petition, unanimously affirmed, without costs.
The court's determination that it was in the best interests of the subject child to remain in the sole legal and physical custody of respondent father has a sound and substantial basis in the record (Matter of Reeva A.C. v Richard C., 84 AD3d 521 [1st Dept 2011]; Matter of China S. [Tonia J.-Levon S.], 77 AD3d 568 [1st Dept 2010]). The court examined and weighed numerous factors, relying on no single factor, including the quality of the home environment, the parental guidance provided, the ability of each parent to provide for the child's emotional and intellectual growth, the relative fitness of each parent and the separation of the half-siblings (Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]).
The mother's contention that she was deprived of a fair hearing by the Family Court's failure to direct forensic evaluations is unpreserved for appellate review because she never requested them at any point during the proceedings (Matter of Bailey v Carr, 125 AD3d 853 [2d Dept 2015]). In any event, the Family Court possessed sufficient information to enable it to render its determination without forensic evaluations and the mother was not deprived of a fair hearing (see Matter of Solovay v Solovay, 94 AD3d 898, 900 [2d Dept 2012], lv denied 19 NY3d 808 [2012]).
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK